(120 App. Div. 509)

## PEOPLE v. CHAMPLIN.

(Supreme Court, Appellate Division, Second Department.   June 14, 1907.)

1. DISORDERLY HOUSE—PUNISHMENT—STATUTES.

Code Cr. Proc. § 899, provides that keepers of bawdy houses, etc., are disorderly persons, and section 901 declares that, if the magistrate is satisfied that a person charged is a disorderly person, he may require him to give security for good behavior for a year, on the giving of which section 902 requires the person accused shall be discharged.   Pen. Code, § 322, embodies the common-law offense of keeping a bawdy house, and subjects the keeper to prosecution by indictment as at common law.   Code Cr. Proc. pt. 6, tit. 7, §§ 899–913, continued in substantially the same words Rev. St. (1st Ed.) pt. 1, c. 20, tit. 5, relating to disorderly persons; and Pen. Code, § 724, provides that the Code does not affect any provisions of the law relating to disorderly persons, Code Cr. Proc. § 962, declaring that any local statute in which any proceeding is prescribed in addition to, and not in conflict with, the provisions of the Code, shall remain unaffected.   *Held*, that Laws 1854, p. 577, c. 261, § 4, authorizing any magistrate in Dutchess county in his discretion to commit a person convicted of being a disorderly person to imprisonment at hard labor for a term not exceeding six months, was not repealed either by the Criminal or Penal Code, so that a person convicted in that county of keeping a bawdy house was not entitled as of right to a discharge on giving bond for good behavior.

2. SAME—IMPRISONMENT—PLACE OF CONFINEMENT.

Laws 1854, p. 577, c. 261, § 3, provides that persons convicted as "vagrants" in Dutchess county may be sentenced to hard labor in the Albany county penitentiary, and section 4 provides for similar punishment for "disorderly persons," except that the words "in said penitentiary" are omitted.   Rev. St. (1st Ed.) pt. 1, c. 20, tit. 5, § 11, provided for the employment of "disorderly persons" committed to a prison where no means are provided for employing offenders at hard labor and to require the performance of such labor.   *Held*, that there being no place of confinement of "disorderly persons" convicted in Dutchess county provided by Laws 1854, p. 577, c. 261, § 4, the place of imprisonment of such persons was left to the discretion of the magistrate who was authorized to commit them to the common jail.

Appeal from Dutchess County Court.

William C. Champlin was convicted of being a disorderly person, and sentenced to imprisonment at hard labor, and he appeals.   Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

F. B. Lown, for appellant.
John E. Mack, Dist. Atty., for the People.

RICH, J. The only questions presented requiring our consideration are, first, whether the provisions of section 4 of chapter 261, p. 577, of the Laws of 1854, authorizing any magistrate in Dutchess county in his discretion to commit a person convicted before him of being a disorderly person to imprisonment at hard labor for any term not exceeding six months, was repealed by implication by the provisions of the Criminal and Penal Codes; and, second, if not, whether any authority is given by said statute or Codes to commit a person so convicted to the common jail of said county.

The appellant was arrested upon a warrant charging him with being a disorderly person, in that he unlawfully, criminally, and feloniously kept a resort for prostitutes, drunkards, tipplers, gamblers, and a bawdy house and bedhouse in the town of Poughkeepsie, Dutchess county, on April 24, 1906, and had kent and maintained such resort during the year 1905 and down to the day the warrant issued in 1906, in violation of subdivision 4 of section 899 of the Code of Criminal Procedure. Upon the hearing before the justice, the appellant admitted the charge and offered to give security by a written undertaking, with one or more sureties, approved by the justice, in an amount fixed by him, conditioned that he would be of good behavior for the space of one year, in accordance with the requirements of section 901 of said Code, and demanded that he thereupon be discharged. The magistrate refused to accept any undertaking or to discharge the defendant upon his giving a bond, and, upon his admission or plea of guilty, convicted him of being a disorderly person, and committed him to imprisonment in the Dutchess county jail at hard labor for the period of three months.

Prior to the adoption of the Criminal and Penal Codes a disorderly person in the county of Dutchess might be proceeded against by indictment under the common law, or by proceedings under part 1, c. 20, tit. 5, of the Revised Statutes (1st Ed.) in which proceeding, upon conviction, section 4 of chapter 261, p. 577, of the Laws of 1854, authorized the magistrate to require the bond prescribed by section 2 of said chapter, or, in his discretion, to commit the offender to imprisonment at hard labor. for any term not exceeding six months. The Code of Criminal Procedure (section 899) provides that keepers of bawdy houses or houses for the resort of prostitutes are disorderly persons. Section 901 provides that, if the magistrate is satisfied from the confession of the defendant or by competent testimony that he is a disorderly person, he may require that the person charged give security by a written undertaking, with one or more sureties approved by the magistrate, to the effect that he will be of good behavior for the space of one year, etc., and by the provisions of section 902, if such undertaking be given, the defendant must be discharged. The Penal Code embodies in section 322 the common-law offense of keeping a bawdy house. In other words, it continues as a written law the common law then existing, and under its provisions the keeper of such house is prosecuted by indictment as he was under the common law. By title 7 of part 6 (sections 899 to 913, inclusive) there is continued, in substantially the same words, title 5, c. 20. pt. 1 (1st Ed.) of the

Revised Statutes, so that the enactment of·the Criminal and Penal·Codes simply continued the then existing laws for the conviction and punishment of keepers of bawdy houses and resorts for prostitutes which existed prior to the enactment of chapter 261, p. 576, of the Laws of 1854. Section 724 of the Penal Code declares that such Code does not affect "any provisions of the laws relating to　*　*　*　disorderly persons." Section 962 of the Criminal Code, designating the actions and proceedings to which it applies, provides that any local statute in which any proceeding is prescribed in addition to, and not in conflict with, its provisions, shall remain unaffected. Section 32 of the statutory construction act (Laws 1892, p. 1492, c. 677) provides that the provisions of a law repealing a prior law, which are substantial re-enactments of provisions of the prior law, shall be construed as a continuation of such prior law, and not as new enactments. It seems to me beyond successful contention that chapter 261, p. 576, of the Laws of 1854, was not repealed by the Penal and Criminal Codes, with which it is not inconsistent, and to which it is, so far as Dutchess county is concerned, an addition, and that after their enactment their .effect has been to continue in Dutchess county the proceedings against persons conducting bawdy houses, in the same manner and to the same extent as was provided by the common law revised statutes, and said local act. In other words, the Codes simply codified-the general laws then in force. leaving the act of 1854 operative and in force. If my views are correct, the legal reading or construction to be given section 4 of said act, after the adoption of the Codes, is as follows:

"Whenever any person shall be convicted before any local magistrate or court in said county of Dutchess, of being a disorderly person, under and by virtue of *sections 899, 900 and 901 of the Code of Criminal Procedure* such magistrate may require and accept bail for the good behavior of such person, as provided by said sections, or may at discretion commit the person so convicted to imprisonment at hard labor for any term not exceeding six months"

—the italicized words taking the place of the words "part first, chapter 20, title 5 of the Revised Statutes," the provisions of which were continued by the ' sections of the Code substituted. We think the magistrate was clearly right in refusing to accept an undertaking to be given by the appellant, and that in sentencing defendant to imprisonment at hard labor he acted within his statutory power. Section 11, tit. 5, c. 20, pt. 1 (1st Ed.) of the Revised Statutes, as it existed prior to the enactment of the Code of Criminal Procedure, which was re-enacted by section 912 of said Code, provides for the furnishment of employment to disorderly persons committed to a prison where no means are provided for employing offenders at hard labor, and to compel the performance of such labor. Section 3 of the act of 1854 provides that persons convicted as vagrants in Dutchess county may be sentenced to hard labor in the penitentiary of the county of Albany. In section 4, relating to the punishment of disorderly persons, the words "in said penitentiary" are omitted, and, as section 11 of the chapter of the Revised Statutes referred to provided for the employment of such offenders at hard labor in the prison to which they were ·

committed (which prior to the act of 1854 was the common jail of said county), the provision in said section 4 for imprisonment at hard labor applied as well to said jail as to the penitentiary. The Legislature having designated in section 3 of the act of 1854 the place of imprisonment of vagrants, and omitted the place of commitment of disorderly persons in section 4 conferring the power to commit, it is plainly apparent that the legislative intent was to leave to the discretion of the magistrate the place of imprisonment of disorderly persons, and the commitment of the appellant to the common jail was therefore authorized.

The judgment of conviction must be affirmed. All concur.